# Supreme Court of Florida

_____

No. SC19-1907
_____

**IN RE: CERTIFICATION OF NEED
FOR ADDITIONAL JUDGES.**

November 27, 2019

PER CURIAM.

This opinion fulfills our constitutional obligation to determine the State's

need for additional judges in fiscal year 2020/2021 and to certify our "findings and

recommendations concerning such need" to the Florida Legislature.[1]  Certification

is "the sole mechanism established by our constitution for a systematic and

---

1.  Article V, section 9 of the Florida Constitution provides in pertinent part:

**Determination of number of judges.**—The supreme court shall establish by rule uniform criteria for the determination of the need for additional judges except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing or redefining appellate districts and judicial circuits.  If the supreme court finds that a need exists for increasing or decreasing the number of judges or increasing, decreasing or redefining appellate districts and judicial circuits, it shall, prior to the next regular session of the legislature, certify to the legislature its findings and recommendations concerning such need.

uniform assessment of this need." *In re Certification of Need for Additional Judges*, 889 So. 2d 734, 735 (Fla. 2004).

In this opinion, we certify the need for two additional circuit court judgeships in the Ninth Judicial Circuit, one additional circuit court judgeship in the First Judicial Circuit, one additional circuit court judgeship in the Fourteenth Judicial Circuit, four additional county court judgeships in Hillsborough County, one additional county court judgeship in Orange County, one additional county court judgeship in Lee County, and no additional judgeships in the district courts of appeal. We decertify the need for two county court judgeships in Brevard County, one county court judgeship in Monroe County, and one county court judgeship in Collier County.

To make this decision, the Florida Supreme Court continues to use a verified objective weighted caseload methodology as a primary basis for assessing judicial need.[2] The objective data are supplemented by judgeship requests submitted by the lower courts, including descriptions of the impact of various secondary factors. These secondary factors identified by each chief judge reflect local differences in support of their requests for more judgeships or in support of their requests for this Court not to decertify judgeships in situations where the objective case weights

---

2. Our certification methodology relies primarily on case weights and calculations of available judge time to determine the need for additional trial court judges. *See* Fla. R. Jud. Admin. 2.240.

alone would indicate excess judicial capacity. Applying the criteria in this two-step methodology, we conclude that the First, Ninth, and Fourteenth circuits have a demonstrable need for additional circuit judges. Using the same criteria, this Court determines that the secondary factor analysis, coupled with recent statutory amendments and other relevant circumstances further explained below, warrants a more restrained approach to the decertification of trial court judgeships than the raw numbers alone would indicate.

Our evaluation of these matters takes into account developments in the way our courts perform their duties that are not currently captured by the weighted case load methodology. We also consider not only recently adopted legislation but also potential legislation and rule changes that could have a significant impact.

Chapter 2019-58, Laws of Florida, increased the maximum dollar amount in controversy of cases under the jurisdiction of county courts.[3] The Legislature took a phased approach to the implementation of this amendment. Effective January 1,

---

3. Section 34.01(1)(c), Florida Statutes (2019), states that county courts shall have original jurisdiction:

Of all actions at law, except those within the exclusive jurisdiction of the circuit courts, in which the matter in controversy does not exceed, exclusive of interest, costs, and attorney fees:
    1. If filed on or before December 31, 2019, the sum of $15,000.
    2. If filed on or after January 1, 2020, the sum of $30,000.
    3. If filed on or after January 1, 2023, the sum of $50,000.

2020, county court jurisdiction increases from a current upper limit of $15,000 to $30,000 and is scheduled for a second upward adjustment to $50,000 on January 1, 2023. Although these changes necessarily will alter workload in the county and circuit courts, precise estimates of the impact of these statutory revisions are not possible at this time.

At the beginning of 2019, this Court established the Judicial Management Council Workgroup on Appellate Review of County Court Decisions.[4] We directed the workgroup to study whether the circuit courts should be uniformly required to hear appeals in panels, to review a previous recommendation with regard to allowing intra- and inter-circuit conflicts in circuit court appellate decisions to be certified to the district courts of appeal, and to consider whether other changes to the process for appellate review of county court decisions would improve the administration of justice. The Court has considered the report of that workgroup, submitted in October of this year, and accepted its recommendations, with some slight modifications. The Supreme Court supports the Legislature's consideration of legislation during the 2020 Regular Session to transfer to the district courts of appeal the circuit courts' appellate and related extraordinary writ authority in county civil cases including non-criminal violations, county criminal

---

4. *See In re Workgroup on Appellate Review of County Court Decisions*, Fla. Admin. Order No. AOSC19-3 (Jan. 4, 2019).

cases, and administrative cases.  Further, we have expressed our support for an effective date for the legislation that is no earlier than January 1, 2021, to allow adequate time for judicial branch implementation.  If the various statutes are amended by the Legislature to implement these changes, the judicial workload in the circuit courts and district courts will necessarily be affected.

Trial court judges have expressed concerns about a need to review and possibly refine the method for reporting on the increased number and types of problem-solving courts throughout the state and the increased number of cases handled by those problem-solving courts.  It is important for this Court, in its assessment of judicial need, to evaluate the impact on judicial workload the problem-solving courts create and, if necessary, update the associated case weights.  While problem-solving courts show positive results in reduced recidivism and better outcomes in many cases, they also require significantly more judicial time.

Finally, this Court is awaiting the results of an important review it has ordered, which may lead to revision of the rules we employ to determine judicial need.  Specifically, this Court has directed the Commission on Trial Court Performance and Accountability to review secondary factors impacting judicial certification to determine if there are areas of inconsistency between the case weights and current judicial assignments.  The Commission is reviewing rules

2.240(b)(1)(B) and 2.240(c), Florida Rules of Judicial Administration, to determine if there is a need to recommend any suggested modifications.

Having conducted a quantitative assessment of trial and appellate court judicial workload and, as noted above, having also considered the various qualitative factors, workload trends, legislatively enacted jurisdictional changes and other relevant circumstances, we certify the need for ten additional trial court judgeships in Florida, consisting of four circuit court judgeships and six county court judgeships, as set forth in the appendix to this opinion. We also recommend the decertification of four county court judgeships, also identified in the appendix, and we certify no need for additional judgeships in the district courts of appeal.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.

Original Proceeding – Certification of Need for Additional Judges

## APPENDIX
## Trial Court Need

| Circuit | Circuit Court Certified Judges | County | County Court Certified Judges | County Court Decertified Judges |
|---|---|---|---|---|
| 1 | 1 | N/A | 0 | 0 |
| 2 | 0 | N/A | 0 | 0 |
| 3 | 0 | N/A | 0 | 0 |
| 4 | 0 | N/A | 0 | 0 |
| 5 | 0 | N/A | 0 | 0 |
| 6 | 0 | N/A | 0 | 0 |
| 7 | 0 | N/A | 0 | 0 |
| 8 | 0 | N/A | 0 | 0 |
| 9 | 2 | Orange | 1 | 0 |
| 10 | 0 | N/A | 0 | 0 |
| 11 | 0 | N/A | 0 | 0 |
| 12 | 0 | N/A | 0 | 0 |
| 13 | 0 | Hillsborough | 4 | 0 |
| 14 | 1 | N/A | 0 | 0 |
| 15 | 0 | N/A | 0 | 0 |
| 16 | 0 | Monroe | 0 | 1 |
| 17 | 0 | N/A | 0 | 0 |
| 18 | 0 | Brevard | 0 | 2 |
| 19 | 0 | N/A | 0 | 0 |
| 20 | 0 | Collier | 0 | 1 |
| | | Lee | 1 | 0 |
| **Total** | **4** | **Total** | **6** | **4** |